■ In the Matter of RICHARD C. EMERY, Appellant, v EUGENE S. LEFEVRE, as Superintendent of the Clinton Correctional Facility, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Shea, J.), entered May 13, 1983 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Commissioner of the Department of Correctional Services denying petitioner's application for outside employment. Petitioner has been employed by the New York State Department of Correctional Services (department) as a correction officer at Clinton Correctional Facility since 1961. On June 26, 1978, petitioner submitted a request to the department, as required by rule 102.4 of the employees' manual, for permission to engage in outside employment. Although petitioner's request was denied by Superintendent E. S. LeFevre, on the ground that petitioner had a poor attendance record, as a result of which he had received an unsatisfactory performance rating, petitioner did engage in outside employment at the United States Immigration Service. In August, 1981, Superintendent LeFevre recommended that disciplinary action be taken against petitioner and instituted an investigation to determine the extent to which petitioner had been abusing sick leave in connection with outside employment. The disciplinary procedures resulted in a notice of discipline dated August 10, 1982 which was contested by petitioner through arbitration procedures. The notice of discipline was ultimately upheld and petitioner fined $500. Petitioner again requested permission to engage in outside employment on February 17, 1983. Superintendent LeFevre recommended to respondent Commissioner of Correctional Services that petitioner's request be denied. On March 10, 1983, respondent LeFevre notified petitioner of the decision disapproving his request and told petitioner that he could

resubmit the request at the end of 12 months when his attendance record would be reviewed. Petitioner thereafter commenced the instant CPLR article 78 proceeding requesting that the court declare rule 102.4 of the employees' manual unconstitutional in violation of the Thirteenth Amendment of the United States Constitution. Respondents raised three affirmative defenses in their answer: that petitioner failed to exhaust administrative remedies available to him, that petitioner failed to state a cause of action, and that an allegation that rule 102.4 is unconstitutional is not cognizable within an article 78 proceeding. Special Term dismissed the petition from the Bench on the basis of petitioner's failure to exhaust administrative remedies. Petitioner appeals from this determination. Initially, we note our disagreement with Special Term's conclusion that petitioner's failure to exhaust administrative remedies warranted dismissal of the petition. Although the general rule is that a litigant is required to pursue all available remedies before having recourse to the courts (CPLR 7801, subd 1; *Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57), the exhaustion rule is not inflexible and need not be followed where an agency's action is challenged as unconstitutional (*id.*). As petitioner's claim is solely based on a constitutional challenge, we believe that petitioner had standing to seek relief without first exhausting administrative remedies. We further conclude that petitioner's claim is cognizable by the courts of this State. However, the claim was improperly commenced as an article 78 proceeding as a constitutional challenge to a legislative enactment or regulation, and we, therefore, convert it to an action for declaratory judgment (CPLR 103, subd [c]; *Press v County of Monroe,* 50 NY2d 695, 702; *Matter of Montgomery Ward & Co. v New York State Dept. of Motor Vehicles,* 90 AD2d 643). Petitioner claims that rule 102.4 of the Department of Correctional Services Employees' Manual violates the constitutional prohibition against slavery and involuntary servitude protected by the Thirteenth Amendment of the United States Constitution. The challenged rule provides that, "Any employee who wishes to engage in outside employment shall notify his office or division director or the Superintendent and fill out the proper forms. The employee shall await approval of his request by the Commissioner or the appropriate Deputy Commissioner before engaging in any outside employment." There is no involuntary servitude where an employee is free to leave as petitioner is free to do (*Flood v Kuhn,* 443 F2d 264, affd 407 US 258; *United States v Shackney,* 333 F2d 475, 486; *Verner v State of Colo.,* 533 F Supp 1109, 1118). We would merely add that petitioner is precluded from raising on appeal any issue as to respondents' determination being arbitrary and capricious since it was not previously raised, either in petitioner's pleadings or before Special Term (*Cameron v Andrukiewicz,* 87 AD2d 734, 735). Petitioner has failed to meet his burden of demonstrating that the challenged rule is unconstitutional. Judgment reversed, on the law, without costs, proceeding converted to an action for a declaratory judgment, and it is declared that rule 102.4 of the Department of Correctional Services Employees' Manual does not violate any of the constitutional provisions raised by petitioner. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.