OPINION OF THE COURT
John G. Connor, J.
Petitioner, an inmate at the Bedford Hills Correctional Facility, commenced this proceeding pursuant to CPLR article 78 to challenge the structure of the temporary release committees established pursuant to 7 NYCRR 1900.2 (a) and as staffed by respondent, as Commissioner of the Department of Correctional Services. In particular, petitioner challenges the propriety of having employees of the State Division of Parole, i.e., parole officers, serve on the release committees. Pursuant to CPLR 7804 (f), the Commissioner made a motion to dismiss the petition on objections in point of law. The Commissioner seeks to dismiss the petition on the grounds that the petition is barred by the applicable Statute of Limitations, that petitioner failed to exhaust her administrative remedies and that the petition fails to state a cause of action.
Petitioner’s claim arises from a determination denying her application to participate in the temporary release program at the Bedford Correctional Facility. Petitioner did not appeal the adverse determination through the procedural process established by 7 NYCRR 1900.6. Instead, petitioner filed an inmate grievance pursuant to the Department of Correctional Services Directive No. 4040. A review of the grievance papers filed by petitioner indicates that, inter alia, petitioner challenged the Commissioner’s use of parole officers on temporary release committees. By determination dated August 27, 1985, the Commissioner denied petitioner’s grievance request finding that she essentially sought to review the denial of her application to participate in the temporary release program through the grievance procedure. The Commissioner found that the grievance procedure, as enunciated in Directive No. 4040 (III) (B), did not permit such appeals.
Petitioner then commenced the instant proceeding, by order to show cause dated December 24, 1985, challenging the denial of that aspect of her grievance which sought to remove parole officers from sitting on temporary release committees.
At the outset, the court notes that petitioner essentially challenges the constitutionality of 7 NYCRR 1900.2 (a) insofar as the same permits Division of Parole personnel to serve on *444 temporary release committees. Petitioner contends that the regulation violates Correction Law § 851 (11); § 852 which empower the Commissioner to establish a temporary release program, and Executive Law § 259-e which petitioner contends limits the duties of parole officers "to compiling information to be reported to the Parole Board”. In substance, petitioner challenges the regulation as being in excess of the statutory parameters established by the Legislature for the respective agency functions which, if proven, would violate NY Constitution, article V, § 3.
Since petitioner actually challenges the constitutionality of the structure of the temporary release committees under 7 NYCRR 1900.2, the action should be one for declaratory judgment rather than a proceeding pursuant to CPLR article 78 (see, Matter of Emery v LeFevre, 97 AD2d 931, 932). Pursuant to CPLR 103 (c), the proceeding is hereby converted to an action for declaratory judgment (see, Press v County of Monroe, 50 NY2d 695, 702).
Petitioner challenges the Commissioner’s ability to appoint parole officers to the temporary release committees rather than the denial of her application to participate in the temporary release program. While it is true that the challenge emanates from the denial of her individual temporary release application, the issue before this court tests the constitutionality of the Commissioner’s regulation rather than the determination of petitioner’s individual application. Accordingly, the six-year Statute of Limitations (CPLR 213 [1]) applies rather than the four-month limitation period of CPLR 217 since the constitutional challenge to the regulation could not be properly reviewed in a proceeding pursuant to CPLR article 78 (see, Press v County of Monroe, supra, p 701; Matter of Emery v LeFevre, supra). The Commissioner’s contention that the present action is time barred is, therefore, without merit.*
The Commissioner’s argument that the action is barred by petitioner’s failure to exhaust administrative remedies is also flawed. As discussed, petitioner challenges the constitutionality of the Commissioner’s regulation enabling parole officers to sit on temporary release committees. The relief sought is not a review of petitioner’s individual temporary *445 release determination which would be administratively appealed pursuant to 7 NYCRR 1900.6. Indeed, the grievance procedure utilized by petitioner is specifically established to review "a complaint about the substance * * * of any written * * * regulation * * * or rule” (Department of Correctional Services, Directive No. 4040 [II]). It is apparent that petitioner pursued the grievance appeal through final determination by the Commissioner. Moreover, since petitioner’s claim is a constitutional challenge, she could maintain the action without first exhausting administrative remedies (see, Matter of Emery v LeFevre, supra).
The Commissioner’s motion to dismiss the action for failure to state a cause of action must also be denied. 7 NYCRR 1900.2 (a), in pertinent part, provides: "The temporary release committee shall be composed of a chairperson at salary grade 22 or above, unless otherwise authorized, and two staff members representing parole, program services, and security, unless otherwise authorized.” Correction Law § 851 (11) defines a temporary release committee as "the body of persons, which may include members of the public, appointed pursuant to regulations promulgated by the commissioner to serve at the pleasure of the commissioner for the purpose of formulating, modifying and revoking temporary release programs at an institution.” Correction Law § 852, in pertinent part, provides
"1. The commissioner, guided by consideration for the safety of the community and the welfare of the inmate, shall review and evaluate all existing rules, regulations and directives relating to current temporary release programs and consistent with the provisions of this article for the administration of temporary release programs shall by January first, nineteen hundred seventy-eight promulgate new rules and regulations for the various forms of temporary release. Such rules and regulations shall reflect the purposes of the different programs and shall include but not be limited to selection criteria, supervision and procedures for the disposition of each application.
"2. The commissioner shall appoint or cause to be appointed a temporary release committee for each institution which shall meet on a regularly scheduled basis to review all applications for temporary release.”
These provisions vest the Commissioner with broad discretion to staff the temporary release committees, and none of *446 the statutory provisions specifically prohibit parole officers from sitting on the release committees. As petitioner points out, and what must be kept in perspective, is that parole officers are not employees of the Department of Correctional Services. Rather, parole officers are employees of the Division of Parole which exists within the Executive Department (Executive Law §§ 259, 259-e, 259-f), separate and apart from the Department of Correctional Services (Correction Law § 5). Of particular importance here, the statutorily delineated duties of parole officers indicate that they normally function within the realm of parole and conditional release programs (Executive Law §§ 259-e, 259-f; see also, Executive Law §§ 259-a, 259-b, 259-c).
Just as the Division of Parole is separate and apart from the Department of Correctional Services, the regulations with respect to parole and conditional release (9 NYCRR parts 8002-8008) are separate from those governing temporary release programs (7 NYCRR parts 1900-1904). The additional duties of parole officers within the temporary release program as administered by the Department of Correctional Services were specifically established by the Legislature when it created the temporary release programs.
Correction Law § 852 in pertinent part provides:
"5. All inmates participating in temporary release programs shall be assigned to parole officers for supervision. Such parole officers shall be responsible to the division of parole for the purpose of providing such supervision. The division shall provide to the department supervision in accordance with the contract required by subdivision six of this section. As part of its supervisory functions the division shall be required to provide reports to the department every two months on each inmate under its supervision. Such reports shall include but not be limited to:
"(a) an evaluation of the individual’s participation in such program;
"(b) a statement of any problems and the manner in which such problems were resolved relative to an individual’s participation in such programs; and
"(c) a recommendation with respect to the individual’s continued participation in the program.
"6. The department shall contract with the division of parole for the provision of parole supervision services set forth in subdivision five of this section.”
*447 As is clear from the statute, the Department of Correctional Services is specifically directed to contract with the Division of Parole for parole officers’ services in the supervision of inmates participating in the temporary release programs. The Commissioner, through 7 NYCRR 1900.2 (a), has expanded the function of parole officers such that they are involved in the preliminary consideration of inmates’ applications for participation in the temporary release programs. This court has not been cited to, nor can it find, any authority empowering the Commissioner to expand the duties of parole officers within the temporary release programs beyond those specifically established by the Legislature. Although the eligibility of an inmate for participation in a temporary release program is related to his or her eligibility for parole or conditional release (Correction Law § 851 [2]), that is an insufficient basis for the Commissioner to utilize the services of parole officers beyond the limitations prescribed by the Legislature in Correction Law § 852 (5). The wisdom of utilizing parole officers in the consideration of temporary release applications is evident since they may be able to provide insight as to potential problems in the supervision of particular inmates. It is not the function of this court, however, to substitute its policy judgment for that of the Legislature (see, Matter of Malpica-Orsini, 36 NY2d 568, 570-571), which has not enabled the Commissioner to utilize the services of parole officers to staff temporary release committees.
In conclusion, the action has been converted from a proceeding pursuant to CPLR article 78 to one for declaratory judgment. Since the Commissioner agrees that this action is more properly one for declaratory judgment, and his motion to dismiss is, inter alia, based upon an alleged failure of the complaint (petition) to state a cause of action (CPLR 3211 [a] [7]), the motion is treated as one for declaratory judgment in his favor (see, Siegel, NY Prac § 440 [1978]). Accordingly, the motion is denied and, based upon the foregoing decision, judgment is rendered in favor of petitioner.
An important point of clarification is needed at this juncture. A careful reading of 7 NYCRR 1900.2 (a) evinces language which refers only temporary release committee "members representing parole”. The foregoing constitutional issue, as discussed by the parties, has focused entirely upon the question of the Commissioner’s appointment of parole officers to the temporary release committees. There is no indication that the Commissioner has seated any parole personnel on the *448 temporary release committee other than parole officers. Since this analysis is limited only to the use of parole officers as temporary release committee members, 7 NYCRR 1900.2 (a) is declared unconstitutional insofar as the Commissioner construes the same to authorize the appointment of parole officers to temporary release committees. The court expresses no opinion and makes no determination as to the propriety of Division of Parole personnel, other than parole officers, serving on temporary release committees pursuant to 7 NYCRR 1900.2 (a).
Finally, petitioner’s application to proceed as a poor person (CPLR 1101, 1102) is granted so as to relieve her of the liability for any costs and fees associated with the prosecution of this action. Considering the fact that petitioner is incarcerated, all papers are to be sent to the Attorney-General, Cindy L. Dugan, Esq., of counsel. The Attorney-General is directed to properly file the papers and to submit a judgment in accordance with this decision.

 The court notes that even if the four-month Statute of Limitations were held to apply (CPLR 217), the instant action would be timely since the Commissioner’s final determination was rendered August 27, 1985 and petitioner commenced the CPLR article 78 proceeding by order to show cause (CPLR 7804 [b]) with service on or before December 24, 1985.