■ In the Matter of ROSENDO CINTRON, Respondent, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Appellants. —Mahoney, P. J. Appeal from a judgment of the Supreme Court (Connor, J.), entered February 8, 1988 in Greene County, which converted petitioner's application, brought pursuant to CPLR article 78, into an action for declaratory judgment and declared unconstitutional that provision of the rule of respondent Commissioner of Correctional Services which authorizes the membership and appointment of parole officers on temporary release committees.

Petitioner, an inmate at Greene Correctional Facility in Greene County, applied to participate in a temporary release program at the facility. His application was rejected by a temporary release committee which was comprised of a parole officer and two other members. Petitioner filed a grievance challenging the rejection on the ground that a parole officer is not eligible to serve on a temporary release committee. The grievance was rejected and this CPLR article 78 proceeding ensued. Supreme Court agreed with petitioner, holding that 7 NYCRR 1900.2 (a), which authorizes the appointment of a parole officer to a temporary release committee, is unconstitutional. Respondents appeal.

Correction Law § 852 (2) authorizes respondent Commissioner of Correctional Services to appoint members of a temporary release committee for each institution. Correction Law § 851 (11) defines such committee as: "the body of persons, which may include members of the public, appointed pursuant to regulations promulgated by the commissioner to serve at the pleasure of the commissioner for the purpose of formulating, modifying and revoking temporary release programs at an institution." The Legislature thus empowered the Commissioner to adopt regulations dealing with the appointment of members of temporary release committees, and it did not provide that any specific individuals could not serve on such committees. In *Matter of Chandler v Coughlin* (131 Misc 2d 442, *revd on other grounds* 126 AD2d 886), the case relied upon by Supreme Court herein, the Supreme Court noted that parole officers are employees of the Division of Parole and not the Department of Correctional Services, and have statutorily outlined duties. Specifically, parole officers are statutorily

directed to participate in temporary release programs in the role of supervising inmates participating in the program. Supreme Court reasoned that, by authorizing parole officers to participate on temporary release committees, 7 NYCRR 1900.2 (a) improperly expanded the function of parole officers.

We disagree. The Legislature authorized the Commissioner to appoint members of temporary release programs and to promulgate regulations for that purpose. The Legislature did not restrict his discretion and, in fact, specifically granted him the right to appoint members of the public. The fact that parole officers are statutorily assigned other duties is of no moment. Under that analysis, probably no public employee could serve on a temporary release committee since virtually all public employees have certain statutorily assigned duties and it is doubtful that service on temporary release committees is denominated anywhere as one of them.

Since parole officers have knowledge and experience in dealing with inmates participating in temporary release programs, the Commissioner's decision to appoint them to temporary release committees in the exercise of his discretion should not be disturbed.

Judgment reversed, on the law, without costs, and it is declared that the rule of respondent Commissioner of Correctional Services which authorizes the membership and appointment of parole officers on temporary release committees has not been shown to be unconstitutional. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.