■ MILES A. GALIN, Respondent, v MARK A. CHASSIN et al., Appellants. [629 NYS2d 247] —Order Supreme Court, New York County (Carol Arber, J.), entered October 3, 1994, which granted the plaintiff's motion for expedited discovery and enjoined defendants from proceeding with an administrative hearing on charges of professional misconduct pending completion of said discovery, unanimously reversed on the law, the facts and in the exercise of discretion, without costs.

In May 1994, after an eight year investigation, the Office of Professional Medical Conduct (OPMC) filed charges against the plaintiff. In June 1994 plaintiff commenced this action alleging civil rights and tort claims. Plaintiff's allegations, which were mainly directed against one senior medical conduct investigator with the OPMC, were, *inter alia*, that the investigation was conducted in bad faith with the intent to harass him. Plaintiff sought dismissal of the charges, damages and an injunction permanently enjoining defendants from ever "commencing any hearings or imposing any disciplinary action premised upon the currently pending charges".

It is a well settled principle of administrative law that one who objects to the acts of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law (*Matter of Doe v Axelrod*, 71 NY2d 484, 491 [Simons, J., concurring]; *Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57). Moreover, prohibition does not lie as a means of seeking collateral review of the administrative process and is available where there is a clear legal right and only when an officer acts without jurisdiction or in excess of powers, in a proceeding over which there is jurisdiction, in such a manner as to implicate the legality of the entire proceeding (*Matter of Doe v Axelrod, supra,* at 490). Thus, as a general principle, absent extraordinary circumstances, courts are constrained not to interject themselves into ongoing administrative proceedings until final resolution of those proceedings before the agency (*Doe v St. Clare's Hosp. & Health Ctr.*, 194 AD2d 365, 366, *lv denied* 82 NY2d 662).

In the present case plaintiff's unsubstantiated allegations of impropriety are directed at an individual investigator and do not extend to any of the individual members of the hearing committee. Consequently, there is no basis upon which to conclude that the hearing would not be fairly conducted. Plaintiff has demonstrated no extraordinary circumstances or potential for irreparable injury to warrant court interference. There is no legally cognizable injury to be suffered solely from being subjected to the disciplinary hearing with the possibility of a subsequent finding of professional misconduct (*Matter of Doe v Axelrod, supra,* at 491 [Simons, J., concurring]). We do note however that administrative proceedings are mandated to proceed expeditiously to protect the public interest (*see,* Public Health Law § 230 [10]), and that the eight year investigation which occurred in this case does not serve that mandate.

The discovery ordered by the hearing court was improper since OPMC has apparently complied with its disclosure obligations pursuant to Department of Health Administrative Rules and Regulation (10 NYCRR) § 51.8 (b) and, in any event, the material sought by the plaintiff is confidential and privileged. Moreover, the in camera review of the documents sought by the plaintiff was improper in this case (*see, Cirale v 80 Pine St. Corp.*, 35 NY2d 113, 119). The court's direction that an oral deposition of a patient take place was also improper as it would plainly have a chilling effect on the willingness of other patients to come forward and provide information for investigations.

We have reviewed the other arguments advanced by the parties and find them to be either unpersuasive or without merit. Concur—Ellerin, J. P., Rubin, Ross, Nardelli and Williams, JJ.