■ In the Matter of ADAM ABDUL HAKEEM, Also Known as LARRY DAVIS, Appellant, v CESAR WONG et al., Respondents. [636 NYS2d 440] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Berke, J.), entered October 27, 1994 in Washington County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition for, *inter alia,* failure to exhaust administrative remedies and state a cause of action.

Petitioner, a State prison inmate, commenced this CPLR article 78 proceeding alleging various instances of misconduct by respondents involving (1) lack of medical care for various ailments which he claims amounted to cruel and unusual punishment, (2) deliberately poisoning food he purchased from a vending machine, (3) mistreatment relating to wrist injuries caused by being shackled which went unattended, (4) a failure by authorities to investigate an assault allegedly perpetrated by petitioner on another inmate, and (5) an illegal search of petitioner's papers by prison guards.

Supreme Court found that as to the allegations of improper medical attention relating to his maladies, injured wrist and food poisoning, and his contention of illegal search of his legal papers, no cause of action for judicial relief had been stated since petitioner failed to exhaust administrative remedies. The court also found that petitioner failed to state any other cause of·action for which relief could be granted.

The judgment of Supreme Court should be affirmed. A petitioner must exhaust all administrative remedies before seeking review in court unless "an agency's action is challenged as either unconstitutional or wholly beyond its grant of power * * * or when resort to an administrative remedy would be futile * * * or when its pursuit would cause irreparable injury" (*Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57 [citations omitted]). Administrative relief was available to petitioner pursuant to Correction Law § 139.

Although petitioner attempts to formulate a constitutional argument of cruel and unusual punishment under the 8th Amendment of the US Constitution, this contention does not excuse the necessity of resorting to administrative relief. The question of whether there was deliberate indifference to his medical needs must first be heard at the administrative level before the constitutional issue can be addressed (*see, Matter of Schulz v State of New York*, 86 NY2d 225, 232, *cert denied* — US —, 116 S Ct 382).

We also find no merit in petitioner's allegations of futility in seeking administrative relief because of prejudgment of the issue regarding the search of his legal papers by the grievance committee. Petitioner urges that the committee disregarded a prior complaint made by him and, thus, contends that it would be futile to pursue the instant grievance. Petitioner's prior grievance was denied but the grievance committee ordered that frisks of his legal documents be made in his presence. Petitioner has failed to make a showing in the instant case that administrative action would be futile and, thus, Supreme Court properly ruled on this issue.

As to petitioner's demand for an investigation of an assault charge against him, this is deemed abandoned because of petitioner's failure to address it in his brief. Were we to address the matter, we would deem it moot because the complaint of assault was expunged from his record. All other issues raised have been considered and rejected as lacking in merit.

Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.