■ In the Matter of VINCENT GRANDE III, Appellant, v NASSAU COUNTY et al., Respondents. [712 NYS2d 894] —In a hybrid action, *inter alia*, for a judgment declaring unconstitutional chapter 496 of the Laws of 1990, which, among other things, amended various provisions of the General Municipal Law, the Vehicle and Traffic Law, and the Criminal Procedure Law, to establish the Nassau County Traffic and Parking Violations Agency, and a proceeding pursuant to CPLR article 78, *inter alia*, in the nature of prohibition to prohibit the respondent Nassau County Traffic and Parking Violations Agency from proceeding against the petitioner in a matter pending before that agency, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Adams, J.), entered November 9, 1998, which, *inter alia*, dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The petitioner did not exhaust his administrative remedies and, accordingly, the Supreme Court properly held that he had failed to state a cause of action for judicial relief (*see, Matter of Hakeem v Wong,* 223 AD2d 765; *Galin v Chassin,* 217 AD2d 446).

In addition, the Supreme Court properly declined to consider the petitioner's constitutional arguments as they would require the resolution of factual issues reviewable at the administrative level and should be addressed to the Nassau County Traffic and Parking Violations Agency (*see, Matter of Schulz v State of New York,* 86 NY2d 225, 232, *cert denied* 516 US 944).

The petitioner's remaining contentions are without merit. O'Brien, J. P., Sullivan, Altman and H. Miller, JJ., concur.