■ In the Matter of PEDRO LAUREIRO, Respondent, v NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS et al., Appellants. [837 NYS2d 746]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Consumer Affairs dated November 28, 2005, which found the petitioner guilty of certain charges upon his failure to appear at a hearing, imposed fines in the total sum of $2,200, revoked his license to serve process, and declared that he was unfit to hold a license for at least five years, the appeal is from a judgment of the Supreme Court, Westchester County (Bellantoni, J.), entered April 26, 2006, which granted the amended petition and annulled the determination.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, the amended petition is denied, and the proceeding is dismissed.

The petitioner is a process server, licensed by the New York City Department of Consumer Affairs (hereinafter DCA). In response to a complaint filed against the petitioner alleging that he had filed a false affidavit of service in connection with a Westchester County matrimonial action, DCA requested a written explanation from the petitioner and issued a subpoena duces tecum, commanding him to appear before it and to bring copies of certain records. The petitioner's counsel responded with letters contesting DCA's jurisdiction over issues related to service of process occurring in Connecticut in connection with a Westchester County action. The petitioner failed to appear pursuant to the subpoena. DCA then sent the petitioner a notice of hearing which outlined the charges against him and directed him to appear and show cause why his license to serve process should not be revoked and monetary penalties imposed.

Prior to the hearing date, the petitioner commenced this CPLR article 78 proceeding seeking to prohibit DCA from conducting the hearing, based on its alleged lack of jurisdiction over the matter, among other challenges. The Supreme Court declined to issue a temporary restraining order and DCA rescheduled the hearing. The petitioner failed to appear at the hearing, and the Hearing Officer found him guilty, upon default, of all charges except those which were duplicative. The Hearing Officer revoked the petitioner's license, declared that he was unfit to hold a license from DCA for five years, and imposed fines totaling $2,200. The petitioner amended his petition to seek review of the DCA determination. The Supreme Court granted the amended petition and annulled the determination, finding it arbitrary and capricious in both the finding of guilt and the penalties imposed. This was error.

Generally, "one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law" (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]; *see Lehigh Portland Cement Co. v New York State Dept. of Envtl. Conservation*, 87 NY2d 136, 140 [1995]; CPLR 7801 [1]).

6 RCNY 6-44, governing DCA hearings, provides, in part: "Where a default decision is rendered following an inquest, any party may, within 15 days from the date the party knew or should have known of the decision, file a written motion to vacate the decision with the Director of Adjudication."

The petitioner's failure to file such a motion bars judicial review of his claims, unless an exception to the exhaustion doctrine applies (*see Matter of Moreno v New York County Dist. Attorney's Off.*, 38 AD3d 358 [2007]; *Matter of Iacone v Building Dept. of Oyster Bay Cove Vil.*, 32 AD3d 1026 [2006]; *Matter of Jamison v Tesler*, 300 AD2d 194 [2002]; *Matter of Martinez v Downstate Med. Ctr. of State Univ. of N.Y.*, 113 AD2d 753 [1985]). Exhaustion of administrative remedies is not required where an agency's action is challenged as either unconstitutional or wholly beyond its grant of power, when resort to an administrative remedy would be futile, or when its pursuit would cause irreparable injury (*see Watergate II Apts. v Buffalo Sewer Auth., supra*). Of the petitioner's numerous challenges to the DCA determination, only two fall within these exceptions: his challenge to DCA's jurisdiction and authority to investigate the matter, and his facial due process challenge to the DCA rules which permit default decisions (*cf. 563 Grand Med., P.C. v New York State Ins. Dept.*, 24 AD3d 413 [2005]; *Matter of Beyah v Scully*, 143 AD2d 903 [1988]). Accordingly, those were the only issues properly before the court. The remainder of the petitioner's challenges were barred pursuant to the exhaustion of administrative remedies and finality requirements applicable to CPLR article 78 proceedings and should have been dismissed by the Supreme Court (*see Watergate II Apts. v Buffalo Sewer Auth., supra*; *Matter of Yarbough v Franco*, 95 NY2d 342, 346-347 [2000]). In any event, those challenges were without merit (*see* 6 RCNY 6-43; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]; *Matter of Hunter*, 4 NY3d 260, 269 [2005]; *Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455 [1985]).

The petitioner's contentions which had been properly considered are without merit. DCA is charged with the maintenance of standards of integrity, honesty, and fair dealing among

persons engaging in licensed activities (*see* Administrative Code of City of NY § 20-101). The filing of a false affidavit of service in any location is relevant to a licensee's fitness to serve process in the City of New York. Moreover, pursuant to Administrative Code § 20-104, the Commissioner of DCA is authorized, upon due notice and a hearing, to impose penalties: "for the violation of . . . any of the provisions of any . . . law, rule or regulation, the enforcement of which is within the jurisdiction of the department . . . provided that such violation is committed in the course of and is related to the conduct of the business, trade or occupation which is required to be licensed" (Administrative Code § 20-104 [e] [1]).

The filing of a false affidavit of service is a violation of DCA rules committed "in the course of" and "related to" the conduct of the occupation of process server, regardless of which county the affidavit is filed in or where the service allegedly occurred. Accordingly, DCA had the jurisdiction to hold the hearing into the petitioner's continued fitness to hold his DCA license and to issue its determination upon the petitioner's default.

Finally, the petitioner's facial due process challenge is without merit (*see Boddie v Connecticut*, 401 US 371, 378 [1971]; *Green v Green*, 288 AD2d 436 [2001]). Prudenti, P.J., Santucci, Covello and Carni, JJ., concur.