■ In the Matter of MICHAEL TAHMISYAN, Respondent, v STONY BROOK UNIVERSITY, Appellant. [902 NYS2d 617]—

In a proceeding pursuant to CPLR article 78, in effect, to prohibit the admission into evidence of certain audiotape recordings at an impending academic disciplinary hearing, Stony Brook University appeals, by permission, from (1) an order of the Supreme Court, Queens County (Hart, J.), dated August 5, 2009, which, in effect, denied its cross motion to dismiss the proceeding or, in the alternative, to change the venue of the proceeding from Queens County to Suffolk County, in effect, required it to allow the petitioner to have an attorney fully participate in the impending academic disciplinary hearing, and enjoined it from removing the petitioner from its student housing pending further action of the Supreme Court, and (2) so much of an order of the same court entered October 1, 2009, as stayed the academic disciplinary hearing until the petitioner obtained an attorney to represent him.

Ordered that the appeal from so much of the order dated August 5, 2009, as enjoined Stony Brook University from removing the petitioner from its student housing pending further action of the Supreme Court is dismissed, as that portion of the order was vacated, as academic, in the subsequent order entered October 1, 2009, since the petitioner had, in the interim, matriculated at Queens College; and it is further,

Ordered that the order dated August 5, 2009, is reversed insofar as reviewed, on the law, that branch of the cross motion of Stony Brook University which was to dismiss the proceeding is granted, that branch of the cross motion which was to change the venue of the action is denied as academic, the petition is denied, and the proceeding is dismissed on the merits; and it is further,

Ordered that the order entered October 1, 2009, is reversed insofar as appealed from, on the law; and it is further,

Ordered that one bill of costs is awarded to Stony Brook University.

Stony Brook University (hereinafter Stony Brook) initiated a disciplinary proceeding against the petitioner based upon allegations that he had violated provisions of the Stony Brook Student Conduct Code. Before that proceeding could begin, the petitioner commenced the instant proceeding pursuant to CPLR article 78, in effect, to prohibit Stony Brook from introducing into evidence certain audiotape recordings. During the course of the instant proceeding, the Supreme Court ordered that the petitioner have full legal representation, as opposed to merely an advisor, at the disciplinary proceeding.

"[A]bsent extraordinary circumstances, courts are constrained not to interject themselves into ongoing administrative proceed-

ings until final resolution of those proceedings before the agency" (*Galin v Chassin*, 217 AD2d 446, 447 [1995]). Here, the instant proceeding was premature, as Stony Brook had yet to hold the disciplinary hearing (*see Matter of Williams [New York State Dept. of Health, Bd. for Professional Med. Conduct]*, 245 AD2d 1014 [1997]; *Schachter v Tomaselli*, 105 AD2d 779 [1984]; *Matter of Schuyler v State Univ. of N.Y. at Albany*, 31 AD2d 273, 275 [1969]). Therefore, the issues of whether the recordings should be permitted into evidence or whether the petitioner is entitled to full legal representation at the disciplinary proceeding are not yet ripe for judicial review (*see generally Matter of Cold Spring Harbor Area Civic Assn. v Suffolk County Dept. of Health Servs.*, 305 AD2d 499 [2003]). Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding.

In light of our determination, that branch of Stony Brook's cross motion which was to change the venue of the action from Queens County to Suffolk County has been rendered academic. Rivera, J.P., Covello, Miller and Chambers, JJ., concur.