■ In the Matter of JOHN PERRETTA, Appellant, v LAWRENCE W. MULVEY, Commissioner, Nassau County Police Department, et al., Respondents. [908 NYS2d 601]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Nassau County Police Department dated July 1, 2008, which, without a hearing, suspended the petitioner's pistol license pending an investigation, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (McCarty, J.), entered August 28, 2009, which granted the respondents' motion to dismiss the proceeding and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

Contrary to the petitioner's contention, the Supreme Court properly granted the respondents' motion to dismiss the proceeding. "[O]ne who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law" (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]; *see Matter of Pitts v City of N.Y. Off. of Comptroller*, 76 AD3d 633 [2010]; *Matter of Aliano v Oliva*, 72 AD3d 944, 946 [2010]). Here, as correctly determined by the Supreme Court, the petitioner failed to exhaust his administrative remedies prior to seeking judicial intervention (*see Matter of Guddemi v Rozzi*, 210 AD2d 479, 480 [1994]). The suspension of the petitioner's pistol license was an "initial" suspension, pending an investigation by the Nassau County Police Department. At the time that the petitioner commenced the instant proceeding, this investigation had not yet been completed. Fisher, J.P., Dillon, Florio and Lott, JJ., concur.