■ TOWN OF OYSTER BAY, Appellant, v GALEN D. KIRKLAND, as Commissioner of the New York State Division of Human Rights, et al., Respondents. [917 NYS2d 236]—

In an action, inter alia, to permanently enjoin the defendants from proceeding with an administrative complaint against the plaintiff alleging violations of the Human Rights Law, and for a judgment declaring that the defendant New York State Division of Human Rights acted outside its authority in initiating the administrative complaint on its own and that Executive Law § 295 (6) (a) and (b) are collectively unconstitutional, the plaintiff appeals (1) from a judgment of the Supreme Court, Nassau County (Warshawsky, J.), dated October 27, 2009, which, upon an order of the same court entered October 2, 2009, denying its motion for a preliminary injunction, granting those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the second, fifth, and sixth causes of action of the amended complaint, and, upon, in effect, converting those branches of the defendants' motion which were to dismiss the first, third, and fourth causes of action of the amended complaint into a motion for summary judgment dismissing those causes of action, and upon granting that motion, dismissed the amended complaint, and (2), as limited by its brief, from so much of an order of the same court, entered February 23, 2010, as, upon reargument, adhered to the original determination.

Ordered that the judgment is modified, on the law, by adding thereto provisions declaring that the New York State Division of Human Rights acted within its authority in initiating the administrative complaint on its own and that Executive Law § 295 (6) (a) and (b) are not collectively unconstitutional; as so modified, the judgment is affirmed; and it is further,

Ordered that the order dated February 9, 2010, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

In 1993, the Town Board of the plaintiff, Town of Oyster Bay, amended the Town Zoning Code to create a new zoning district for building below-market rate senior communities, called the "Golden Age District." Preferences for units were to be given to senior citizen residents of the school district in which a develop-

ment was located, and, inter alia, to senior citizen residents of the Town and Nassau County. In 2004, the Town created another zoning district for the development of below-market, price-controlled housing for first time homebuyers, called "Next Generation" housing, the expressed purpose of which was to provide first-time homebuying opportunities with preference for residents of the Town and their children, with the objective of encouraging such persons to remain in the Town and eventually make the transition into detached single-family homes.

On January 29, 2009, the defendant New York State Division of Human Rights (hereinafter DHR) initiated an administrative complaint (hereinafter the DHR complaint) against the Town and other parties connected to developments constructed under the housing programs, charging them with unlawful discriminatory practices in housing on the basis of race, color, and national origin, in violation of the Human Rights Law (Executive Law art 15). The DHR complaint alleged that, because of existing racial segregation in the Town, preserving housing for the children and parents of current residents would likely result in discrimination against potential minority purchasers and unlawfully perpetuates segregation and separation. The DHR complaint alleged that by, among other things, adopting and administering the housing programs with the required residency preferences and accompanying restrictive covenants, the Town is aiding and abetting discrimination in the provision of housing accommodations in violation of Executive Law § 296 (6). The DHR complaint sought elimination of the residency preferences, among other relief.

After receiving notice of the administrative charges against it, and prior to the completion of DHR's investigation, probable cause determination, or any hearing and final determination, the Town commenced the instant action against DHR and its Commissioner, seeking a judgment declaring, among other things, that DHR acted outside its authority in initiating the DHR complaint on its own, and to permanently enjoin DHR from pursuing the DHR complaint and proceeding with its investigation. The Town moved for preliminary injunctive relief, and DHR moved to dismiss the amended complaint for failure to state a cause of action. The Supreme Court denied the Town's motion and granted DHR's motion, holding that the Town was required to exhaust its administrative remedies and further dismissing certain claims on the merits. Judgment was entered dismissing the amended complaint. The Town then moved for leave to reargue. The Supreme Court granted reargument, but adhered to its original determination. The Town appeals.

Generally, "one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law" (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]; *see Matter of Perretta v Mulvey*, 77 AD3d 758 [2010]; *Matter of Mirenberg v Lynbrook Union Free School Dist. Bd. of Educ.*, 63 AD3d 943 [2009]; *Matter of Laureiro v New York City Dept. of Consumer Affairs*, 41 AD3d 717, 719 [2007]). " '[A]bsent extraordinary circumstances, courts are constrained not to interject themselves into ongoing administrative proceedings until final resolution of those proceedings before the agency' " (*Matter of Tahmisyan v Stony Brook Univ.*, 74 AD3d 829, 830-831 [2010], quoting *Galin v Chassin*, 217 AD2d 446, 447 [1995]). The doctrine of exhaustion of administrative remedies applies to actions for declaratory judgments (*see Slater v Gallman*, 38 NY2d 1, 3-4 [1975]). However, there are exceptions to the exhaustion doctrine applicable where the agency's action is challenged as either unconstitutional or wholly beyond its grant of power, or where resort to administrative remedies would be futile or would cause irreparable injury (*see Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d at 57; *Matter of Pitts v City of N.Y. Off. of Comptroller*, 76 AD3d 633, 633-634 [2010]; *Matter of Laureiro v New York City Dept. of Consumer Affairs*, 41 AD3d at 719; *Matter of Hakeem v Wong*, 223 AD2d 765 [1996]).

Applying these principles to the matter at bar, the Supreme Court properly granted those branches of DHR's motion which were to dismiss the second, fifth, and sixth causes of action, as they do not fall within these exceptions (*see Matter of Laureiro v New York City Dept. of Consumer Affairs*, 41 AD3d at 717; *Matter of Grande v Nassau County*, 275 AD2d 457 [2000]). The second cause of action sought a declaration that the Town is not a proper respondent and is not subject to the provisions of the Human Rights Law it was charged with violating in the DHR complaint. This request goes to the merits of any future finding that the Town's action violated the charged provisions, and does not implicate DHR's broad jurisdiction to determine discriminatory practices in the first instance (*see* Executive Law §§ 295, 290; *Matter of Holland v Edwards*, 282 App Div 353, *358* [1953], *affd* 307 NY 38 [1954]). Accordingly, that cause of action was properly dismissed for the Town's failure to exhaust administrative remedies (*see Matter of Pitts v City of N.Y. Off. of Comptroller*, 76 AD3d at 633-634; *Matter of Christa Constr., LLC v Smith*, 63 AD3d 1331 [2009]).

The sixth cause of action sought a declaration that the DHR complaint is void because it constitutes reverse discrimination

against the residents of the Town. Constitutional challenges may be maintained without exhausting administrative remedies (*see Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d at 57; *Matter of Emery v LeFevre*, 97 AD2d 931, 932 [1983]). However, "[a] constitutional claim that may require the resolution of factual issues reviewable at the administrative level should initially be addressed to the administrative agency having responsibility so that the necessary factual record can be established" (*Matter of Schulz v State of New York*, 86 NY2d 225, 232 [1995], *cert denied* 516 US 944 [1995]; *see Young Men's Christian Assn. v Rochester Pure Waters Dist.*, 37 NY2d 371, 375 [1975]; *Matter of Roberts v Coughlin*, 165 AD2d 964, 966 [1990]). " 'Further, the mere assertion that a constitutional right is involved will not excuse the failure to pursue established administrative remedies that can provide the required relief' " (*Matter of Tasadfoy v Town of Wappinger*, 22 AD3d 592, 592 [2005], quoting *Matter of Dozier v New York City*, 130 AD2d 128, 135 [1987]; *see Sumner v Hogan*, 73 AD3d 618, 619-620 [2010]; *Siao-Pao v Travis*, 23 AD3d 242, 242-243 [2005]; *Matter of Fichera v City of New York*, 145 AD2d 482, 483-484 [1988]). Here, the sixth cause of action does not facially challenge the constitutionality of the Human Rights Law or any specific provisions thereof, but challenges the possible application of the charged provisions to the housing programs at issue, and requires resolution of factual issues at the administrative level. Accordingly, this claim is subject to the requirement that the Town exhaust its administrative remedies and was properly dismissed (*see Matter of Schulz v State of New York*, 86 NY2d at 232; *Young Men's Christian Assn. v Rochester Pure Waters Dist.*, 37 NY2d at 375; *Siao-Pao v Travis*, 23 AD3d at 242-243).

The first and fourth causes of action are not subject to the requirement that the Town exhaust its administrative remedies. However, they are without merit as a matter of law and thus the Supreme Court properly, in effect, awarded summary judgment dismissing those causes of action. We note that, by requesting that it be awarded summary judgment on the complaint and arguing the merits of its position on the basis of factual affidavits, the Town charted a summary judgment course. Thus, it cannot be heard to complain that the Supreme Court improperly addressed the merits of its claims (*see Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp.*, 64 AD3d 85, 99 [2009]; *Tendler v Bais Knesses of New Hempstead, Inc.*, 52 AD3d 500, 502 [2008]; *Harris v Hallberg*, 36 AD3d 857, 858-859 [2007]).

The first cause of action sought a declaration that DHR was

without authority to file a complaint on its own, in the absence of a complainant. This allegation falls within the exception to the exhaustion doctrine based on the Town's claim that an agency acted wholly beyond its grant of power (*see Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d at 57). However, DHR's authority to file a complaint on its own has previously been upheld by statute and case law (*see State Div. of Human Rights v Kilian Mfg. Corp.*, 42 AD2d 391 [1973], *revd on other grounds* 35 NY2d 201 [1974]; Executive Law § 295 [6] [b]; 9 NYCRR 465.3 [a] [3]).

The fourth cause of action sought a declaration that the DHR complaint is void because Executive Law § 295 (6) (a) and (b), which collectively authorize DHR to both file and pass upon complaints, is unconstitutional as a deprivation of due process rights under the federal and state constitutions. As a facial challenge to the constitutionality of the administrative procedures, this claim may be reviewed prior to the Town exhausting its administrative remedies (*see Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d at 57; *cf. Young Men's Christian Assn. v Rochester Pure Waters Dist.*, 37 NY2d at 375). However, the claim is without merit. "[T]he combination of investigative and adjudicative functions in a single administrative agency or officer is not, ipso facto, a denial of due process" (*Matter of Berncolors-Poughkeepsie, Inc. v City of Poughkeepsie*, 96 AD2d 595, 597-598 [1983] [emphasis omitted]; *see Withrow v Larkin*, 421 US 35, 58 [1975]; *R&K Gen. Contr. v County of Putnam*, 284 AD2d 519 [2001]; *Matter of Siddiqui v New York State Dept. of Health*, 228 AD2d 735 [1996]).

Here, the procedures provide that, should a matter proceed to an administrative hearing, it will be heard by an administrative law judge who has not previously been involved in the investigation, engaged in a conciliation proceeding or caused the notice of hearing to be issued (*see* Executive Law § 297 [4] [a]; 9 NYCRR 465.12 [d] [1]). Moreover, a party charged with housing discrimination has the option, within 20 days of a finding of probable cause, to elect to have a court action commenced (*see* Executive Law § 297 [9]; *Matter of DiBlasio v Novello*, 28 AD3d 339, 341 [2006]). Accordingly, the combined functions of DHR do not violate due process.

Since the Town's challenges to DHR's authority to initiate, investigate, and adjudicate the DHR complaint are without merit, the Supreme Court properly denied the Town's motion for preliminary injunctive relief and, in effect, awarded summary judgment dismissing the third cause of action which sought to permanently enjoin DHR from pursuing the DHR complaint and proceeding with its investigation.

'The Town's remaining contentions are without merit.

Since this is, in part, a declaratory judgment action, the Supreme Court should have included in the judgment appealed from a declaration that DHR acted within its authority in initiating the DHR complaint on its own and that Executive Law § 295 (6) (a) and (b) are not collectively unconstitutional (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Skelos, J.P., Balkin, Leventhal and Hall, JJ., concur. **[Prior Case History: 2009 NY Slip Op 32327(U).]**