In the Matter of JUDITH KLEIN, Appellant, v NEW YORK STATE OFFICE OF TEMPORARY AND DISABILITY ASSISTANCE et al., Respondents. [924 NYS2d 521]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Office of Temporary and Disability Assistance dated December 29, 2008, which affirmed a determination of the New York City Human Resources Administration dated November 14, 2008, denying the petitioner's request for the replacement of her public assistance and food stamp benefits, and in the nature of mandamus to compel the New York City Human Resources Administration to discontinue its automated "Electronic Benefits Transfer card PIN-change" system, the petitioner appeals from a judgment of the Supreme Court, Kings County (Vaughan, J.), dated February 17, 2010, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

In 2008 the petitioner was a recipient of food stamp and public assistance benefits via the Electronic Benefits Transfer (hereinafter EBT) system administered by the New York City Human Resources Administration (hereinafter the HRA). The EBT system features an automated service which allows a cardholder to change his or her personal identification number (hereinafter PIN) using his or her Social Security number and zip code, but without requiring him or her to enter his or her prior PIN. The petitioner's EBT card was stolen, together with documents listing her Social Security number and zip code. Her PIN was changed and her benefits spent before she was able to report the loss of her card and disable it the next day.

The petitioner sought replacement of the stolen benefits from the HRA. However, the governing rules promulgated by the New York State Office of Temporary and Disability Assistance (hereinafter the OTDA) provide that, when an EBT user's card is lost or stolen, benefits drawn from the account before the loss or theft is reported cannot be replaced (*see* 18 NYCRR 352.7 [g]

[2]; 387.16 [o]; 7 CFR 274.6 [b] [2]; NY Office of Temporary & Disability Assistance Administrative Directive 00 ADM-8; NY Office of Temporary & Disability Assistance Publication No. 4596 [Electronic Benefits Transfer (EBT) Brochure]). Thus, following a fair hearing, the petitioner's application was denied.

The petitioner then commenced this CPLR article 78 proceeding seeking review of the determination denying replacement of the stolen benefits. She also sought relief in the nature of mandamus compelling the HRA and the OTDA to discontinue the automated PIN-change system to the extent that it does not require knowledge of a cardholder's prior PIN. After the commencement of this proceeding, the OTDA scheduled a second fair hearing to review the denial of her application, and thereafter moved to dismiss the petition for lack of ripeness and failure to exhaust administrative remedies in light of the additional hearing. The petitioner opposed the motion and, in her opposition papers, added a claim challenging the constitutionality of the federal Electronic Fund Transfer Act (15 USC § 1693 *et seq.*) (hereinafter the EFTA) and its implementing regulation, designated as "Regulation E" (12 CFR 205.1 *et seq.*), which permits an ordinary consumer whose ATM or debit card was stolen to limit his or her liability for funds drawn from his or her account, but exempts state EBT users from its coverage.

The Supreme Court denied the petition and dismissed the proceeding on the grounds that the petitioner's claims were not ripe since the OTDA had yet to render a final determination, and because the petitioner had failed to exhaust her administrative remedies. The petitioner appeals.

Generally, "one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law" (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]; *see Lehigh Portland Cement Co. v New York State Dept. of Envtl. Conservation*, 87 NY2d 136, 140 [1995]; *Town of Oyster Bay v Kirkland*, 81 AD3d 812 [2011]; *Matter of Perretta v Mulvey*, 77 AD3d 758 [2010]; *Matter of Mirenberg v Lynbrook Union Free School Dist. Bd. of Educ.*, 63 AD3d 943 [2009]). Nevertheless, there are exceptions to the exhaustion rule, which include situations in which resort to administrative remedies would be futile (*see Bankers Trust Corp. v New York City Dept. of Fin.*, 1 NY3d 315, 322 [2003]; *Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d at 57).

Contrary to the contentions of the HRA and the OTDA, the petitioner was not required to attend a second fair hearing before seeking annulment of the OTDA's determination in the

Supreme Court; the OTDA's clear agency policy bars replacement of benefits drawn from a cardholder's account before the loss or theft of the card is reported, and resort to further administrative procedures to seek this relief would thus have been futile (*see Lehigh Portland Cement Co. v New York State Dept. of Envtl. Conservation*, 87 NY2d at 141; *G. Heileman Brewing Co. v New York State Liq. Auth.*, 237 AD2d 203 [1997]; *Matter of Community Hous. Improvement Program v New York State Div. of Hous. & Community Renewal*, 230 AD2d 66 [1997]). However, as the petitioner concedes, the denial of replacement of stolen benefits is proper under the applicable rules (*see* 18 NYCRR 352.7 [g] [2]; 387.16 [o]; 7 CFR 274.6 [b] [2]; NY Office of Temporary & Disability Assistance Administrative Directive 00 ADM-8; NY Office of Temporary & Disability Assistance Publication No. 4596). Accordingly, there is no basis upon which to annul the OTDA's determination.

In addition, the petitioner is not entitled to relief in the nature of mandamus compelling the OTDA and the HRA to discontinue the current version of the automated PIN-change system. "Mandamus is available . . . only to enforce a clear legal right where the public official has failed to perform a duty enjoined by law" (*New York Civ. Liberties Union v State of New York*, 4 NY3d 175, 184 [2005]; *see* CPLR 7803 [1]). "[M]andamus does not lie to enforce the performance of a duty that is discretionary, as opposed to ministerial" (*New York Civ. Liberties Union v State of New York*, 4 NY3d at 184; *see Willow Woods Manufactured Homeowner's Assn., Inc. v R & R Mobile Home Park, Inc.*, 81 AD3d 930 [2011]; *Matter of Altamore v Barrios-Paoli*, 90 NY2d 378 [1997]; *Matter of Guzman v 188-190 HDFC*, 37 AD3d 295 [2007]). Nothing in the statutes the petitioner cites (Social Services Law § 21 [1] [a]; 7 USC § 2016 [h] [2] [C] [i]) requires the HRA or OTDA to adopt a nonautomated PIN-change system. Instead, to the extent that the statutes address security measures protecting the EBT system against fraud, they leave the matter entirely to the agencies' discretion. Thus, the petitioner failed to show a clear legal right to the relief she requests, and her mandamus claim was properly dismissed (*see Matter of Agoglia v Benepe*, 84 AD3d 1072 [2011]).

The petitioner's constitutional claim with respect to Regulation E was not asserted in the petition and is, therefore, not properly before this Court (*see Martin Mech. Corp. v Carlin Constr. Co.*, 132 AD2d 688, 690 [1987]). The petitioner's constitutional challenge to New York's lack of liability protection for EBT cardholders is raised for the first time on appeal and, thus, is also not properly before this Court. Covello, J.P., Chambers, Lott and Miller, JJ., concur.