In an action to permanently enjoin the defendant from interfering with the plaintiff’s use and occupancy of its business, the defendant appeals from an order of the Supreme Court, Suffolk County (Spinner, J.), dated August 1, 2011, which granted the plaintiffs motion for a preliminary injunction.
Ordered that the order is reversed, on the law, with costs, and the motion is denied.
In or around 1980, the plaintiff acquired the business at issue, which is located in Lindenhurst. The business is a cabaret which features topless female adult entertainment and, since that acquisition, it has been operated without a certificate of occupancy or a building permit. Notably, this business is located in a business district in which adult entertainment is not enumerated as a permitted use (see Code of Town of Babylon § 213-129).
In October 2010, the defendant Town of Babylon conducted an investigation, resulting in the issuance of notices of violation to the plaintiff charging it with violating various provisions of the Code of the Town of Babylon, specifically, that use of the premises for adult entertainment was not permitted. On that basis, the Town also closed down the business, chained the doors of the premises, and posted placards at the premises informing the plaintiff and the public that the business had been shuttered. Thereafter, rather than seeking any administrative remedy to legalize its business operations, the plaintiff commenced this action to permanently enjoin the Town from interfering with its use and occupancy of the premises, contending that the business was a legal, preexisting nonconforming use. The plaintiff moved for a preliminary injunction enjoining the Town from engaging in such interference during the pendency of the action. The motion was granted by the Supreme Court. The Town appeals, and we reverse.
Generally, a party who “ ‘objects to the act of an administra *930 tive agency must exhaust available administrative remedies before being permitted to litigate in a court of law’ ” (Town of Oyster Bay v Kirkland, 81 AD3d 812, 815 [2011], lv granted 17 NY3d 716 [2011], quoting Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]). “ ‘[A]bsent extraordinary circumstances, courts are constrained not to interject themselves into ongoing administrative proceedings until final resolution of those proceedings before the agency’ ” (Matter of Tahmisyan v Stony Brook Univ., 74 AD3d 829, 830-831 [2010], quoting Galin v Chassin, 217 AD2d 446, 447 [1995]). One exception to the exhaustion doctrine is where the agency’s action would cause irreparable injury (see Town of Oyster Bay v Kirkland, 81 AD3d at 815). Here, however, any irreparable harm that the plaintiff allegedly may suffer has been brought on by its own actions, as it could have applied for a certificate of occupancy permitting it to operate an adult cabaret. It also could have applied for recognition of its use as a legal, preexisting nonconforming use pursuant to Code of Town of Babylon § 213-380. The plaintiff chose neither course. Thus, the plaintiff has administrative remedies available to it which it has not pursued (see Shapiro v Central Gen. Hosp., 173 AD2d 601, 603 [1991]).
Moreover, the plaintiff has not demonstrated that the exhaustion of its administrative remedies would be futile absent judicial intervention or that the Town’s actions were either unconstitutional or wholly beyond its grant of power (see Town of Oyster Bay v Kirkland, 81 AD3d at 815).
Accordingly, the order must be reversed and the plaintiff’s motion for a preliminary injunction denied.
The parties’ remaining contentions need not be addressed in light of our determination. Angiolillo, J.P., Florio, Belen and Chambers, JJ., concur.