[978 NE2d 1237, 954 NYS2d 769]

Town of Oyster Bay, Appellant, v Galen D. Kirkland, as Commissioner of the New York State Division of Human Rights, et al., Respondents.

Argued September 6, 2012; decided October 18, 2012

**APPEARANCES OF COUNSEL**

*Giaimo Associates, LLP*, Kew Gardens (*Joseph D. Giaimo* of counsel), for appellant.

*Caroline J. Downey, General Counsel*, Bronx (*Michael K. Swirsky* of counsel), for respondents.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed with costs.

The Town of Oyster Bay has created zoning districts designed for "Golden Age Housing" (below-market-rate private housing for senior citizens) and "Next Generation Housing" (below-market-rate private housing for first-time home buyers), in which preference is given to buyers who are residents of the Town, and their parents and children, respectively. In 2009, the New York State Division of Human Rights (SDHR) filed an administrative complaint alleging that the Town's actions "deny housing to persons based on their race, color and national origin" and thus violate the Human Rights Law (Executive Law art 15).

The SDHR asserted in its complaint that, as of 2000, only 1.6% of the Town's population "was Black . . . in sharp contrast to the rest of Nassau County, which was much more diverse than the Town." Citing Executive Law § 296 (6), the SDHR alleged that Oyster Bay is "aiding and abetting" discrimination in housing. The SDHR assigned the complaint to a regional office to determine whether the SDHR has jurisdiction and investigate whether probable cause exists to believe that the Town has violated the law.

Without waiting for the completion of the SDHR's investigation, the Town commenced this action against the SDHR and its Commissioner. The Town sought (1) a declaration that the SDHR was without authority to file a complaint in the absence of an individual complainant, (2) a declaration that the Town is not a proper respondent with respect to the SDHR's complaint

and is not subject to the Human Rights Law provisions cited by the SDHR, (3) injunctive relief, (4) a declaration that Executive Law § 295 (6) (a) and (b), which collectively authorize the SDHR to both file and decide complaints, are unconstitutional, (5) a declaration that the SDHR's claims are barred by the statute of limitations, and (6) a declaration that the SDHR's complaint "constitutes a prohibited act of reverse racial discrimination."

Supreme Court granted the SDHR's motion to dismiss the Town's action pursuant to CPLR 3211 (a) (7), holding that the SDHR has authority to bring an action upon its own motion, in the absence of an individual complainant, that the SDHR's authority to decide complaints it has filed is not unconstitutional, and that the SDHR's complaint does not constitute "reverse discrimination" (2009 NY Slip Op 32327[U] [2009]). Supreme Court also dismissed the Town's second and fifth causes of action, on the ground that the Town was required to exhaust its administrative remedies before bringing such claims, and denied injunctive relief. Supreme Court granted the Town's motion for reargument and, upon reargument, adhered to its original decision.

The Town appealed from Supreme Court's judgment dismissing its complaint and the order adhering to its original decision on reargument. The Appellate Division held that the Town's second, fifth, and sixth causes of action are all subject to the requirement of exhaustion of administrative remedies. With respect to the first and fourth causes of action, the Appellate Division held that the SDHR's "authority to file a complaint on its own has previously been upheld by statute and case law" (81 AD3d 812, 817 [2011], citing, inter alia, Executive Law § 295 [6] [b], and 9 NYCRR 465.3 [a] [3]), and that "[t]he combination of investigative and adjudicative functions in a single administrative agency or officer is not, *ipso facto*, a denial of due process" (81 AD3d at 817, quoting *Matter of Berncolors-Poughkeepsie, Inc. v City of Poughkeepsie*, 96 AD2d 595, 597-598 [2d Dept 1983]). Therefore, Supreme Court had properly denied the Town's motion for injunctive relief. The Appellate Division modified Supreme Court's judgment by adding provisions declaring that the SDHR "acted within its authority in initiating the administrative complaint on its own and that Executive Law § 295 (6) (a) and (b) are not collectively unconstitutional" (81 AD3d at 813), and affirmed the judgment as so modified.

We granted the Town leave to appeal.[1] In its briefs before this Court, the Town has abandoned all but one of the causes of action asserted in its complaint. The surviving claim on which it rests its case is that the SDHR is engaged in "reverse discrimination."[2] We therefore must first determine whether the claim is one that requires administrative exhaustion.

> "[O]ne who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law . . . .

> "The exhaustion rule, however, is not an inflexible one. It is subject to important qualifications. It need not be followed, for example, when an agency's action is challenged as either unconstitutional or wholly beyond its grant of power, or when resort to an administrative remedy would be futile or when its pursuit would cause irreparable injury" (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978] [citations omitted]).

Here, the Town has abandoned its argument that the SDHR's complaint was ultra vires, but pursues its claim that the SDHR is engaged in unconstitutional "reverse discrimination."

We have held that

> "[a] constitutional claim that may require the resolution of factual issues reviewable at the administrative level should initially be addressed to the administrative agency having responsibility so that the necessary factual record can be established. Moreover, merely asserting a constitutional violation will not excuse a litigant from first pursuing administrative remedies that can provide the requested relief" (*Matter of Schulz v State of New York*, 86 NY2d 225, 232 [1995] [citations omitted]).

---

1. Prior to this appeal, the Town appealed to this Court pursuant to CPLR 5601 (b) (1), limiting its appeal to the Appellate Division's affirmance of the dismissal of the Town's sixth cause of action. Because the Appellate Division did not take a view of this cause of action that required it to pass upon a constitutional question, we dismissed that appeal (17 NY3d 778 [2011]).

2. The Town argues briefly that the SDHR acted beyond its authority "because the Town is not subject to the [Human Rights Law] provisions with which it is charged," but it does not distinguish this claim from its "reverse discrimination" argument. The threshold question of whether the Town is a "person" within the meaning of Executive Law § 296 (6) is therefore not before us on this appeal.

In the present case, the SDHR's allegation that the Town's residency preferences amount to discrimination and the Town's claim that it would be "reverse discrimination" to eliminate the residency preferences require the resolution of factual issues at the administrative level before they can be passed upon by a court. In particular, a factual record of the adverse impact of the Town's preferences on home buyers from minority communities, and the impact that removing the preferences would have, has yet to be developed. Notably, after such factual review, an administrative law judge could provide the relief ultimately sought by the Town by finding that the preferences do not amount to discrimination and dismissing the complaint; this is not a case in which it would be futile to seek relief in the first instance through the administrative process. Therefore, the Town should initially address its constitutional claim, along with its defenses, to the SDHR.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed, with costs, in a memorandum.