In a proceeding pursuant to CPLR article 78, in effect, in the nature of mandamus to compel the respondent to comply with the terms of a collective bargaining agreement as it pertains to grievances, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Orange County (Currier Woods, J.), dated December 15, 2011, which granted the respondent’s motion to dismiss the petition on the ground that the petitioner failed to exhaust his administrative remedies and dismissed the proceeding.
Ordered that the order and judgment is affirmed, with costs.
In February 2010, while the petitioner was employed by the Department of Public Works of the City of Middletown, he tested positive for a controlled substance during a random drug test. On March 2, 2010, in lieu of being suspended for 30 days without pay, he entered into a stipulation agreeing, among other things, to complete a drug rehabilitation program before returning to work, and to undergo random and unannounced drug tests for a period of one year following his return to work. He also agreed that, if he tested positive for a controlled substance during the one-year period, he would be immediately suspended for 30 days without pay, and the City could pursue other disciplinary measures, such as termination.
On March 5, 2010, the petitioner filed a contract grievance alleging that the stipulation violated the terms of the collective bargaining agreement between his union and the City (hereinafter the CBA). The City did not respond and, as a result, the contract grievance was deemed denied under the terms of the CBA. The petitioner failed to take the next step in the grievance process, which was to appeal the denial of the contract grievance to the Mayor of the City of Middletown.
In October 2010 the petitioner tested positive for a controlled substance a second time during another random drug test. The City suspended him from work without pay for 30 days, and served him with a notice of discipline advising him that he would be terminated from his employment. The petitioner filed a disciplinary grievance objecting to the notice of discipline, but when the City failed to respond to the grievance, the petitioner failed to take the additional step of requesting that an arbitrator be appointed and a hearing scheduled when the City failed to respond to the grievance, as was his contractual right under the CBA.
*860 The petitioner commenced this proceeding pursuant to CPLR article 78, in effect, in the nature of mandamus to compel the City to comply with the terms of the CBA as it pertains to grievances. The Supreme Court granted the City’s motion to dismiss the petition on the ground that the petitioner failed to exhaust his administrative remedies and dismissed the proceeding.
As a general rule, “one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law” (Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]; see Lehigh Portland Cement Co. v New York State Dept. of Envtl. Conservation, 87 NY2d 136, 140 [1995]; Matter of Klein v New York State Off. of Temporary & Disability Assistance, 84 AD3d 1378, 1379 [2011]; Town of Oyster Bay v Kirkland, 81 AD3d 812, 815 [2011], affd, 19 NY3d 1035 [2012]). The petitioner failed to exhaust his available administrative remedies (see Matter of Murray v Downey, 48 AD3d 817, 818 [2008]; Matter of Hammond v Village of Elmsford, 8 AD3d 484, 485 [2004]; Matter of Brown v County of Nassau, 288 AD2d 216, 217 [2001]), and failed to establish that an exception to the exhaustion of administrative remedies doctrine was applicable (see Bankers Trust Corp. v New York City Dept. of Fin., 1 NY3d 315, 322 [2003]; Matter of Amorosano-LePore v Grant, 56 AD3d 663, 664-665 [2008]; Matter of Elliott v Arlington Cent. School Dist., 143 AD2d 662, 663 [1988]). Accordingly, the Supreme Court properly granted the City’s motion to dismiss the petition on the ground that the petitioner failed to exhaust his administrative remedies (see generally Matter of Dorme v Slingerland, 41 AD3d 596 [2007]).
Rivera, J.E, Hall, Roman and Miller, JJ., concur.