■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAWCHAAYAH WRIGHT, Appellant. [984 NYS2d 595]—Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered on or about January 10, 2013, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Saunders*, 52 AD2d 833 [1976]). We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant may apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within 30 days after service of a copy of this order.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur—Tom, J.P., Acosta, Andrias, DeGrasse and Richter, JJ.

■ OLGA PIEDRA, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [985 NYS2d 238]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered December 12, 2012, which dismissed, without prejudice, the petition brought pursuant to CPLR article 78 to annul a determination of respondent New York State Division of Parole, finding that petitioner violated the conditions of her parole, revoked her parole, and imposed an assessment of five months of additional imprisonment, unanimously affirmed, without costs.

The motion court properly found that petitioner's failure to exhaust her administrative remedies precludes judicial review of respondent's determination (*see Sumner v Hogan*, 73 AD3d 618, 619-620 [1st Dept 2010]). Petitioner's assertion of constitutional claims does not excuse the lack of exhaustion, since these claims "require the resolution of factual issues reviewable at the administrative level" (*Town of Oyster Bay v Kirkland*, 19 NY3d 1035, 1038 [2012], *cert denied* 568 US —, 133 S Ct 1502 [2013] [internal quotation marks and citation omitted]). Concur—Tom, J.P., Acosta, Andrias, DeGrasse and Richter, JJ.