Matter of AAA Carting & Rubbish Removal, Inc. v Town of Stony Point, N.Y. (2018 NY Slip Op 02203)





Matter of AAA Carting & Rubbish Removal, Inc. v Town of Stony Point, N.Y.


2018 NY Slip Op 02203


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.


2015-08778
 (Index No. 2518/14)

[*1]In the Matter of AAA Carting and Rubbish Removal, Inc., appellant, 
v
Town of Stony Point, New York, et al., respondents.


Robinson Brog Leinward Greene Genovese & Gluck, P.C., New York, NY (Nicholas Caputo and Nicholas M. Menasché of counsel), for appellant.
Pannone Lopes Devereaux & West, LLC, White Plains, NY (Steven A. Torres, David M. DiSegna, Lee D. Apotheker, and Braunfotel & Frendel LLC [Keith I. Braunfotel], of counsel), for respondent Rockland County Solid Waste Management Authority.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Rockland County Solid Waste Management Authority dated October 23, 2014, rejecting the petitioner's proposal for a contract for recyclables collection, transportation, and disposal services for the Town of Stony Point, New York, the petitioner appeals from a judgment of the Supreme Court, Putnam County (Victor G. Grossman, J.), dated June 29, 2015, which denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The Rockland County Solid Waste Management Authority (hereinafter the Authority) is a public benefit corporation charged, inter alia, with collecting and receiving solid waste in its service area for the purpose of treatment or disposal (see Public Authorities Law §§ 2053-b[1]; 2053-c[1]; 2053-e[8]). The Authority, among other things, has the power to enter into contracts with municipalities and persons for the purpose of receiving, treating, and disposing of solid waste (see Public Authorities Law § 2053-e[9]).
Consistent with this power, the Authority entered into an agreement with the Town of Stony Point, New York, to provide recyclables collection and processing services within the Town. To fulfill that agreement, the Authority issued a request for proposals (hereinafter the RFP) for the collection, transportation, and disposal of recyclables within the Town. The RFP stated, in relevant part, that the winning proposer would be required to enter into a service agreement with the Authority, and that the selection of the winning proposer "will not be determined solely on the basis of lowest cost, although cost will be a factor in the evaluation process." Specifically, the RFP stated that responsive proposals would be evaluated based on six criteria, in addition to cost. One of the criteria was the proposer's "knowledge of, and intent to comply with, Federal, State, and local environmental laws, regulations, and standards that are applicable to the hauling and disposal activities" associated with the contract services. The RFP was consistent with the Authority's "Procurement Policy," which allowed the Authority to undertake a competitive negotiation process [*2]based on an RFP "which shall indicate the relative importance of price and other evaluation factors."
In response to the RFP, the Authority received three proposals, including one submitted by the petitioner. Although the petitioner submitted the lowest priced proposal, the Authority awarded the contract to another proposer, on the ground that the latter's proposal best met the Authority's needs and, specifically, best met the requirement of compliance with a local environmental regulation known as the "Flow Control Law." The petitioner commenced this CPLR article 78 proceeding to review the Authority's determination rejecting its proposal for the contract, contending that, in the absence of evidence in the administrative record demonstrating that its proposal was nonresponsive or nonresponsible, the Authority was required, pursuant to General Municipal Law § 103, to award the contract to it since its proposal had the lowest price. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
At the outset, the Authority correctly points out that the petitioner failed to lodge a protest with the Authority's Executive Director, as permitted under the Authority's "Bid/Proposal Protest Procedures." " [O]ne who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law'" (Town of Oyster Bay v Kirkland, 19 NY3d 1035, 1038, quoting Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57). Nevertheless, the exhaustion rule is not inflexible, and need not be followed where, inter alia, an agency's action is challenged as wholly beyond its grant of power (see Town of Oyster Bay v Kirkland, 19 NY3d at 1038). Inasmuch as the petitioner contends that the Authority acted beyond its grant of power by conducting a procurement that did not comply with the provisions of General Municipal Law § 103, its failure to exhaust administrative remedies may be excused as to that narrow issue of statutory interpretation (see Bankers Trust Corp. v New York City Dept. of Fin., 1 NY3d 315, 322-323).
General Municipal Law § 103(1) provides that all contracts for public work involving expenditures in excess of $35,000 must be awarded to "the lowest responsible bidder." However, that provision applies only to contracts to which "political subdivision[s] or . . . any district therein" are parties (General Municipal Law § 103[1]). Contrary to the petitioner's contention, public benefit corporations such as the Authority are " legal entities separate from the State, enjoying an existence separate and apart from the State, its agencies and political subdivisions'" (Bordeleau v State of New York, 18 NY3d 305, 316, quoting Schulz v State of New York, 84 NY2d 231, 246 n 4). As such, any limitations placed on the Authority's power to contract must come from the Authority's enabling statute, not the General Municipal Law. The Authority's enabling statute broadly permits it "[t]o contract with . . . persons within or without the county, for the purpose of receiving, treating and disposing of solid waste or for any other purpose authorized hereunder, including, without limitation, the power to contract with . . . persons for the delivery of all solid waste generated within a stated area to a specific solid waste management facility" (Public Authorities Law § 2053-e[9]). Unlike General Municipal Law § 103, the Authority's enabling statute does not require contracts such as the one at issue here to be awarded to the "lowest responsible bidder." Thus, the petitioner's contention that the Authority acted beyond its grant of power is without merit.
The petitioner's remaining contentions require the resolution of factual issues which should initially be addressed to the Authority through available administrative remedies, so that the necessary factual record can be established. Therefore, judicial review of these contentions is barred by the exhaustion rule (see Town of Oyster Bay v Kirkland, 19 NY3d 1035).
For all these reasons, the petition was properly denied and the proceeding was properly dismissed.
BALKIN, J.P., LEVENTHAL, CHAMBERS and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court