Matter of Bagdziunas v Hauppauge Fire Dist. (2023 NY Slip Op 03778)

Matter of Bagdziunas v Hauppauge Fire Dist.

2023 NY Slip Op 03778

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2020-06123
 (Index No. 6577/18)

[*1]In the Matter of Andrius Bagdziunas, et al., appellants, 
v
Hauppauge Fire District, respondent.

Pinksy Law Group, PLLC, Syracuse, NY (Bradley M. Pinksy of counsel), for appellants.
Campolo, Middleton & McCormick, LLP, Ronkonkoma, NY (Patrick McCormick and Richard A. DeMaio of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the respondent to reinstate the petitioners as volunteer firefighters, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Carmen Victoria St. George, J.), dated May 12, 2020. The order and judgment, insofar as appealed from, denied the petition, dismissed the proceeding, and denied, as academic, the petitioners' motion to compel certain disclosure.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
In December 2018, the petitioners, volunteer firefighters with the respondent, Hauppauge Fire District, commenced this proceeding pursuant to CPLR article 78 to challenge, inter alia, their temporary suspensions, which were imposed in October 2018, and to reinstate the petitioners as volunteer firefighters. The petitioners alleged, among other things, that the respondent violated General Municipal Law § 209-l, and denied them due process. In the order and judgment appealed from, the Supreme Court, inter alia, denied the petition and dismissed the proceeding.
The Supreme Court properly denied the petition and dismissed the proceeding on the ground that the petitioners failed to exhaust their administrative remedies (see Matter of LaRocca v Department of Planning, Envt., & Dev. of Town of Brookhaven, 125 AD3d 659, 659; Matter of Keener v City of Middletown, 115 AD3d 859, 860). The petitioners commenced this proceeding before the hearing scheduled by the respondent occurred or a final determination was rendered by the respondent, and, thus, failed to exhaust their administrative remedies.
The petitioners' remaining contentions are without merit or need not be considered in light of our determination.
DUFFY, J.P., GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court