■ In the Matter of ROBERT FICHERA et al., Respondents, v CITY OF NEW YORK et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Department of Buildings of the City of New York which denied the petitioners' applications for building permits, the appeal, by permission, is from an order of the Supreme Court,

Kings County (Bernstein, J.), dated May 4, 1987, which denied a motion to dismiss the petition.

Ordered that the order is reversed, on the law, with costs, the motion is granted and the proceeding is dismissed.

The petitioners are the fee owners of several parcels of real estate located in Brooklyn, New York, comprising nine city lots with a total area of 15,250 square feet. The properties are zoned M-1 for manufacturing and were purchased and assembled by the petitioners between 1970 and 1986 for the purpose of erecting thereon manufacturing and storage facilities.

In furtherance of their intention to construct those facilities, the petitioners retained the services of a surveyor, a consulting engineer and an architect to prepare plans. On or about September 17, 1986, the petitioners submitted five "New Building Applications" to the Department of Buildings (hereinafter the DOB) seeking approval of the plans to construct the proposed facilities. Unbeknownst to the petitioners, however, the New York City Board of Estimate, on March 2, 1978, had approved the "Caribe Village Urban Renewal Plan" for residential housing. The area within the plan's boundaries included the petitioners' properties.

At the time that the petitioners had applied for the building permits, the city had not acted, by eminent domain or otherwise, to acquire the properties in connection with the plan.

On or about November 3, 1986, the DOB disapproved the petitioners' building permit applications because the properties were located within the plan area. The petitioners were instructed to obtain approval from the Department of Housing Preservation and Development (hereinafter DHPD), but DHPD would not give its approval. The petitioners did not appeal the disapproval of their applications by the DOB to the Board of Standards and Appeals but instead commenced the instant CPLR article 78 proceeding. They claimed, *inter alia,* that by denying their applications for a building permit, the respondents diminished the value of their property to such an extent as to amount to a taking of their property without due process of law.

The respondents moved to dismiss the petition on the ground that the petitioners had failed to exhaust their administrative remedies. The Supreme Court, Kings County, denied the motion, stating that the petitioners were not required to exhaust their administrative remedies because their petition raised a constitutional issue.

While it is well recognized that the exhaustion of adminis-

trative remedies is not required where an agency's action is challenged as unconstitutional *(see, Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57; *Matter of Dozier v New York City,* 130 AD2d 128, 134-135) this exception to the exhaustion rule is itself subject to qualification. As we noted in *Dozier (supra,* at 135): "A constitutional claim that hinges upon factual issues reviewable at the administrative level must first be addressed to the agency so that a necessary factual record can be established *(see, Matter of Perrotta v City of New York,* 107 AD2d 320, 324, *affd* 66 NY2d 859; *Matter of Celestial Food Corp. v New York State Liq. Auth.,* 99 AD2d 25, 27, n). Further, the mere assertion that a constitutional right is involved will not excuse the failure to pursue established administrative remedies that can provide the required relief *(see, Matter of Pfaff v Columbia-Greene Community Coll.,* 99 AD2d 887)".

We find that under the circumstances of this case the established administrative remedies could provide the required relief and, therefore, the failure to pursue these remedies cannot be excused. Accordingly the proceeding is dismissed due to the petitioners' failure to exhaust their administrative remedies. Bracken, J. P., Rubin, Sullivan and Balletta, JJ., concur.