■ In the Matter of DGM PARTNERS-RYE, Respondent-Appellant, v BOARD OF ARCHITECTURAL REVIEW OF THE CITY OF RYE et al., Appellants-Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Architectural Review of the City of Rye dated January 31, 1989, denying the petitioner's application for a certificate of appropriateness for a subdivision plan, the Board of Architectural Review of the City of Rye and the intervenors appeal, by permission, as limited by their briefs, from so much of an order of the Supreme Court, Westchester County (Silverman, J.), entered October 13, 1989, as held its motion to dismiss in abeyance pending trial, and the petitioner appeals, by permission, as limited by its brief, from so much of an order of the

same court, entered November 16, 1989, as, upon reargument, adhered to the original determination to hold the motion to dismiss in abeyance. The appeal from the order entered October 13, 1989, brings up for review so much of an order of the same court entered November 16, 1989, as, upon reargument, adhered to the original determination in the order entered October 13, 1989 (CPLR 5517 [b]).

Ordered that the appeal from the order entered October 13, 1989, is dismissed, without costs or disbursements, as that order was superseded by the order entered November 16, 1989, made upon reargument; and it is further,

Ordered that the order entered November 16, 1989, is affirmed insofar as appealed from and reviewed, without costs or disbursements.

In this proceeding, the petitioner seeks to review a determination of the Board of Architectural Review of the City of Rye (hereafter, the Board) denying its application for a certificate of appropriateness for a subdivision. It is undisputed that the petitioner did not exhaust its administrative remedies (see, Rye City Code § 117-6 [C] [3]). There exists, however, an exception to the exhaustion doctrine where one has raised claims that an agency's action was unconstitutional or wholly beyond its grant of power (see, Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57; see also, Young Men's Christian Assn. v Rochester Pure Waters Dist., 37 NY2d 371, 375-376).

Given the petitioner's attempted reliance on this exception to the exhaustion doctrine, the narrow issue before us on both of these appeals is the propriety of the court's reserving decision on the motion to dismiss the proceeding on exhaustion grounds and ordering a trial on the question of the existence of a proper constitutional claim. The instant constitutional claim did not hinge upon factual issues reviewable by the Board (cf., Matter of Dozier v New York City, 130 AD2d 128, 135; Matter of Fichera v City of New York, 145 AD2d 482, 484). Hence, a trial of that claim (see, CPLR 7804 [h]) was appropriate under the circumstances herein, and the motion to dismiss cannot be determined until the validity of that claim is resolved. Thompson, J. P., Kunzeman, Miller and Copertino, JJ., concur.