Matter of Baywood, LLC v Office of the Medicaid Inspector Gen. (2020 NY Slip Op 07054)





Matter of Baywood, LLC v Office of the Medicaid Inspector Gen.


2020 NY Slip Op 07054


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JOHN M. LEVENTHAL
ROBERT J. MILLER, JJ.


2019-01859
 (Index No. 80080/18)

[*1]In the Matter of Baywood, LLC, appellant,
v
Office of the Medicaid Inspector General, et al., respondents.


Holland & Knight LLP, New York, NY (Sean C. Sheely of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Philip J. Levitz of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Office of the Medicaid Inspector General dated June 27, 2018, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), dated January 29, 2019. The order and judgment granted the respondents' cross motion to dismiss the petition, denied the petition, dismissed the proceeding, and denied, as academic, the petitioner's motion for leave to serve discovery demands.
ORDERED that the order and judgment is affirmed, with costs.
In 2009, the respondent Office of the Medicaid Inspector General (hereinafter OMIG) notified the petitioner, an assisted living facility, of its intent to review the petitioner's Assisted Living Program applications for Medicaid reimbursement during the period from April 3, 2003, through December 31, 2007. At the time, regulations provided that medical evaluations, used to establish that the program could support the residents' physical and social needs, were required to be signed by a physician (see 2013 NY Reg Text 343677 [NS]). In 2014, the regulation at issue was amended to provide that medical evaluations could also be signed by a physician assistant or nurse practitioner (see former 18 NYCRR 488.4[d][1]). Subsequent to the 2014 amendment, the Department of Health issued a "Dear Administrator Letter" (hereinafter DAL) stating that two specific medical evaluations—APL Medical Evaluation (DSS 4449C) and ALP Medical Evaluation-Interim (DSS 4568)—"must continue to be signed by a physician." OMIG issued its final audit report of the petitioner on June 27, 2018. In the report, OMIG determined that, in several instances, the medical evaluation at issue was improperly signed only by a physician assistant, and not a physician, and that the petitioner had received certain amounts in Medicaid overpayments during that period.
After OMIG issued its final audit report and commenced efforts to recover the overpayments, the petitioner requested, pursuant to 18 NYCRR part 519, an administrative hearing to challenge the audit report's findings. On the same day, the petitioner commenced the instant proceeding pursuant to CPLR article 78, inter alia, to annul the 2018 final audit report on the grounds that it was affected by an error of law and was arbitrary, capricious, and an abuse of discretion. The [*2]petitioner also moved, by order to show cause granted August 27, 2018, to stay all further administrative proceedings during the course of the instant special proceeding, including enforcement efforts by the respondent related to the final audit report. Thereafter, the petitioner moved for leave to serve discovery demands on the respondents. The respondents cross-moved to dismiss the petition, arguing that the petitioner failed to exhaust its administrative remedies before seeking judicial intervention. By order and judgment dated January 29, 2019, the Supreme Court granted the respondents' cross motion to dismiss the petition, denied the petition, dismissed the proceeding, and denied, as academic, the petitioner's motion for leave to serve discovery demands. The petitioner appeals.
We agree with the Supreme Court that the petitioner was required to exhaust its administrative remedies before commencing the instant special proceeding. "It is hornbook law that one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law" (Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57; see Matter of AAA Carting & Rubbish Removal, Inc. v Town of Stony Point, N.Y., 159 AD3d 1036, 1038). "The exhaustion rule, however, is not an inflexible one. It is subject to important qualifications. It need not be followed, for example, when an agency's action is challenged as either unconstitutional or wholly beyond its grant of power, or when resort to an administrative remedy would be futile or when its pursuit would cause irreparable injury" (Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d at 57 [citations omitted]; see Town of Oyster Bay v Kirkland, 81 AD3d 812, 815, affd 19 NY3d 1035).
The petitioner argues that the petition raises a constitutional challenge because it alleges that OMIG exceeded its authority, and violated NY Const, art III, § 1, when it relied on the DAL, and not the regulations in effect in 2018, in determining that certain medical evaluations were insufficient because they were not signed by a physician. In response, OMIG contends that the DAL is irrelevant, as it merely relied on the regulation that was in effect during the time period audited. "A constitutional claim that hinges upon factual issues reviewable at the administrative level must first be addressed to the agency so that a necessary factual record can be established" (Matter of Fichera v City of New York, 145 AD2d 482, 484 [internal quotation marks omitted], citing Matter of Celestial Food Corp. v New York State Liq. Auth., 99 AD2d 25, 27 n; see Matter of Schulz v State of New York, 86 NY2d 225, 232). "Further, the mere assertion that a constitutional right is involved will not excuse the failure to pursue established administrative remedies that can provide the required relief" (Matter of Fichera v City of New York, 145 AD2d at 484; see Sumner v Hogan, 73 AD3d 618, 619). Here, the petitioner's constitutional claim hinges upon a factual issue as to whether OMIG actually relied on the DAL in reaching its determination and, accordingly, must first be addressed in an administrative proceeding (see Matter of Fichera v City of New York, 145 AD2d at 484). Moreover, inasmuch as the DAL interpreted the scope of the 2014 amendment to the agency's own regulations, it "is best left in the first instance to the administrative agency 'so that a clearer formulation of and the rationales for agency policy may be fully aired'" (Matter of Sabino v DiNapoli, 90 AD3d 1392, 1394, quoting Lehigh Portland Cement Co. v New York State Dept. of Envtl. Conservation, 87 NY2d 136, 143).
We also agree with the Supreme Court that the petitioner failed to demonstrate that resort to an administrative appeal would be futile or that it would suffer irreparable injury based upon its conclusory claim of financial distress (see Matter of Schenectady Nursing & Rehabilitation Ctr., LLC v Shah, 124 AD3d 1023, 1025; cf. Matter of Amsterdam Nursing Home Corp. v Commissioner of N.Y. State Dept. of Health, 192 AD2d 945, 947).
Accordingly, we affirm the order granting the respondents' motion to dismiss the petition for failure to exhaust administrative remedies, denying the petition, dismissing the proceding, and denying, as academic, the petitioner's motion for leave to serve discovery demands.
MASTRO, J.P., AUSTIN, LEVENTHAL and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court