Matter of 5055 N. Blvd., LLC v Incorporated Vil. of Old Brookville (2022 NY Slip Op 00424)





Matter of 5055 N. Blvd., LLC v Incorporated Vil. of Old Brookville


2022 NY Slip Op 00424


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX, JJ.


2018-10875
 (Index No. 3362/17)

[*1]In the Matter of 5055 Northern Boulevard, LLC, respondent, 
v
Incorporated Village of Old Brookville, et al., appellants.


Meyer, Suozzi, English & Klein, P.C., Garden City, NY (A. Thomas Levin of counsel), for appellants.
Andrew Lavoott Bluestone, New York, NY, for respondent.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78, in effect, to review a determination of the respondent/defendant Peter Albinski, Building Inspector of the Incorporated Village of Old Brookville, dated August 29, 2017, denying the petitioner/plaintiff's application for a building permit, and action for declaratory relief, the respondents/defendants appeal from a judgment of the Supreme Court, Nassau County (Anthony L. Parga, J.), entered July 10, 2018. The judgment, upon an order of the same court entered April 16, 2018, inter alia, denying the respondents/defendants' motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the amended petition/complaint, adjudged that the petitioner/plaintiff has a preexisting variance for the sale and storage of gasoline and gasoline-related products and that the denial of the building permit application by the respondent/defendant Incorporated Village of Old Brookville was arbitrary and capricious, and directed the respondent/defendant Incorporated Village of Old Brookville to issue a building permit to the petitioner/plaintiff.
ORDERED that the judgment is reversed, on the law, with costs, the respondents/defendants' motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the amended petition/complaint is granted, the order entered April 16, 2018, is modified accordingly, and the proceeding/action is dismissed.
The petitioner/plaintiff, 5055 Northern Boulevard, LLC (hereinafter Northern), commenced this hybrid action for declaratory relief and proceeding pursuant to CPLR article 78, in effect, to review a determination of the respondent/defendant Peter Albinski, in his capacity as the Building Inspector of the respondent/defendant Incorporated Village of Old Brookville, denying Northern's application for a building permit for 5055 Northern Boulevard, Glen Head, located within the Village (hereinafter the subject property). Albinski denied the building permit, determining that the prior nonconforming use of the subject property as a gasoline service station had been abandoned pursuant to Zoning Code of the Incorporated Village of Old Brookville § 300-10(F). The Village, Albinski, and the respondent/defendant Board of Trustees of the Village (hereinafter collectively the Village defendants) moved pursuant to CPLR 3211(a) and 7804(f) to dismiss the amended petition/complaint, among other things, for failure to exhaust administrative remedies. By order entered April 16, 2018, the Supreme Court, inter alia, denied the Village defendants' motion, [*2]determined that the Village defendants' denial of Northern's building permit application was arbitrary and capricious, and directed the Village to issue a building permit to Northern. By judgment entered July 10, 2018, the court entered judgment in favor of Northern. The Village defendants appeal.
"It is hornbook law that one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law" (Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57; see Matter of Baywood, LLC v Office of the Medicaid Inspector Gen., 188 AD3d 1193, 1195; Matter of Gazda v New York State Dept. of Motor Vehs., 159 AD3d 903, 904). "The exhaustion rule, however, is not an inflexible one. It is subject to important qualifications. It need not be followed, for example, when an agency's action is challenged as either unconstitutional or wholly beyond its grant of power, or when resort to an administrative remedy would be futile or when its pursuit would cause irreparable injury" (Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d at 57 [citations omitted]; see Matter of Baywood, LLC v Office of the Medicaid Inspector Gen., 188 AD3d at 1195; Matter of AAA Carting & Rubbish Removal, Inc. v Town of Stony Point, N.Y., 159 AD3d 1036, 1038).
Here, Albinski's denial of Northern's building permit application was administratively appealable to the Village Zoning Board of Appeals (hereinafter the ZBA) (see Zoning Code of the Incorporated Village of Old Brookville § 300-25[B][2]; see also NY Village Law § 7-712-a[4]). Northern failed to pursue that administrative remedy prior to commencing the instant hybrid proceeding/action. Contrary to Northern's contention, the issue of whether the subject property had been granted a prior use variance and whether such variance imposed additional conditions is not a pure question of law (see Matter of Hudson Riv. Val., LLC v Empire Zone Designation Bd., 115 AD3d 1035, 1037-1038; cf. Matter of Organization to Assure Servs. for Exceptional Students v Ambach, 56 NY2d 518, 521-522; Matter of Lown v Annucci, 183 AD3d 1246, 1248). In addition, Northern failed to prove that appealing to the ZBA would be futile (cf. Matter of Kaneev v City of New York Envtl. Control Bd., 149 AD3d 742, 743-744).
Moreover, Northern's contention that it was relieved of its obligation to exhaust its administrative remedies before seeking judicial relief because the denial of its building permit application and the determination that the nonconforming use had been abandoned constituted an unconstitutional taking is unavailing. "'A constitutional claim that hinges upon factual issues reviewable at the administrative level must first be addressed to the agency so that a necessary factual record can be established'" (Matter of Baywood, LLC v Office of the Medicaid Inspector Gen., 188 AD3d at 1195, quoting Matter of Fichera v City of New York, 145 AD2d 482, 484; see Matter of Schulz v State of New York, 86 NY2d 225, 232). "Further, the mere assertion that a constitutional right is involved will not excuse the failure to pursue established administrative remedies that can provide the required relief" (Matter of Fichera v City of New York, 145 AD2d at 484; see Matter of Baywood, LLC v Office of the Medicaid Inspector Gen., 188 AD3d at 1195). As a result, Northern was obligated to exhaust its administrative remedies (see Matter of Vineland Commons, LLC v Building Dept. of Town of Riverhead, 165 AD3d 808, 809). Accordingly, the Supreme Court should have granted the Village defendants' motion to dismiss the amended petition/complaint on the ground that Northern failed to exhaust its administrative remedies.
The parties' remaining contentions are either without merit or academic in light of our determination.
BARROS, J.P., BRATHWAITE NELSON, CHAMBERS and HINDS-RADIX, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court