Matter of O'Sullivan v New York City Dept. of Bldgs. (2024 NY Slip Op 01811)

Matter of O'Sullivan v New York City Dept. of Bldgs.

2024 NY Slip Op 01811

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2020-09395
 (Index No. 713543/20)

[*1]In the Matter of Carlos O'Sullivan, et al., appellants,
v
New York City Department of Buildings, et al., respondents.

Gil V. Perez, New York, NY, for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Deborah A. Brenner and D. Alan Rosinus of counsel), respondent pro se and for remaining respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the New York City Department of Buildings to vacate certain notices of violation and to compel the Commissioner of the New York City Department of Buildings to sign a proposed stipulation of settlement, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered November 16, 2020. The order and judgment granted the respondents' cross-motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition, and, in effect, denied the petition and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
In August 2016, the New York City Environmental Control Board (hereinafter the ECB) issued two notices of violation (hereinafter the NOVs) to the petitioner Losman Plumbing and Heating, Inc. (hereinafter Losman), alleging that Losman had unlawfully performed work on a gas line in violation of, inter alia, Administrative Code of the City of New York §§ 27-904 and 28-105.1. On February 14, 2017, the petitioner Carlos O'Sullivan, the owner and sole employee of Losman, failed to appear for a hearing before the ECB. Based upon O'Sullivan's failure to appear, the ECB found Losman in default and imposed fines totaling approximately $13,000. Upon renewing his master plumber's license, O'Sullivan paid the fines.
In October 2019, the Licensee Disciplinary Unit of the New York City Department of Buildings (hereinafter the DOB), commenced a disciplinary proceeding against the petitioners before the Office of Administrative Trials and Hearings (hereinafter OATH) based upon the conduct underlying the NOVs. Thereafter, the DOB sent the petitioners a proposed stipulation of settlement to resolve the disciplinary proceeding. However, no settlement was reached and the matter was placed on OATH's trial calendar.
Prior to the completion of the disciplinary proceeding, the petitioners commenced this CPLR article 78 proceeding, inter alia, in the nature of mandamus to compel the Commissioner of the DOB to sign the proposed stipulation of settlement and to vacate the NOVs. The respondents cross-moved pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition based upon, among other [*2]things, the petitioners' failure to exhaust administrative remedies. In an order and judgment entered November 16, 2020, the Supreme Court granted the respondents' cross-motion and, in effect, denied the petition and dismissed the proceeding. The petitioners appeal.
Mandamus "is an extraordinary remedy that, by definition, is available only in limited circumstances" (Klostermann v Cuomo, 61 NY2d 525, 537). The remedy of mandamus "will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought" (Matter of Wyche v Haywood-Diaz, 206 AD3d 748, 750). The remedy of mandamus "does not lie to compel an act which involves an exercise of judgment or discretion" (Matter of Mensch v Planning Bd. of the Vil. of Warwick, 189 AD3d 1245, 1247 [internal quotation marks omitted]). Here, to the extent the petitioners sought to compel the Commissioner of the DOB to sign the proposed stipulation of settlement, the remedy of mandamus is not available, as the petitioners failed to establish that there existed a clear legal right to the relief sought, which involves the exercise of discretion (see Matter of Rosado-Ciriello v Board of Educ. of the Yonkers City Sch. Dist., 219 AD3d 839, 841).
Furthermore, the Supreme Court properly, in effect, denied that branch of the petition which was to compel the DOB to vacate the NOVs on the ground that the petitioners failed to exhaust administrative remedies. "[O]ne who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law" (Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57; see Town of Oyster Bay v Kirkland, 19 NY3d 1035, 1038; Matter of 5055 N. Blvd., LLC v Incorporated Vil. of Old Brookville, 201 AD3d 932, 933-934). Here, the petitioners failed to exhaust their administrative remedies before commencing this proceeding pursuant to CPLR article 78, and there is no basis in the record to determine that any exception to the exhaustion of administrative remedies requirement would apply (see Matter of Saoulis v New York City Envtl. Control Bd., 162 AD3d 779; Matter of Vataksi v Envtl. Control Bd., 107 AD3d 905). Moreover, to the extent the petitioners' challenge to the NOVs was predicated upon a constitutional claim, that claim "hinges upon factual issues reviewable at the administrative level [which] must first be addressed to the agency so that a necessary factual record can be established," and thus, the petitioners were not excused from the obligation to pursue administrative remedies prior to commencing this proceeding (Matter of Baywood, LLC v Office of the Medicaid Inspector Gen., 188 AD3d 1193, 1195 [internal quotation marks omitted]).
The petitioners' remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court properly granted the respondents' cross-motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition and, in effect, denied the petition and dismissed the proceeding.
IANNACCI, J.P., MALTESE, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court