Matter of 10 St. NY, LLC v New York City Dept. of Bldgs. (2025 NY Slip Op 03321)

Matter of 10 St. NY, LLC v New York City Dept. of Bldgs.

2025 NY Slip Op 03321

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2023-01461
 (Index No. 700990/20)

[*1]In the Matter of 10 Street NY, LLC, appellant,
v
New York City Department of Buildings, respondent.

Cuddy & Feder, LLP, White Plains, NY (Michael V. Caruso and Tyler C. Mitchell of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Ingrid R. Gustafson and Josh Liebman of counsel), for respondent.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Buildings dated February 13, 2019, and action, inter alia, for declaratory relief, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated January 9, 2023. The order and judgment granted the respondent/defendant's motion pursuant to CPLR 3211(a) to dismiss the petition/complaint, denied, as academic, the petitioner/plaintiff's cross-motion for leave to amend the petition/complaint, and dismissed the proceeding/action.
ORDERED that the order and judgment is affirmed, with costs.
In June 2018, the petitioner/plaintiff (hereinafter the petitioner) applied to the respondent/defendant, New York City Department of Buildings (hereinafter NYCDOB), for a building permit to construct a nine-story transient hotel at 38-53 10th Street in Queens, located in an M1-3 zoning district. This use was permitted as of right. On December 20, 2018, the City Council adopted a resolution approving an application to amend article IV, chapter 2 of the New York City Zoning Resolution to create a requirement that applications for new hotels in M1-3 zoning districts require a special permit, thereby eliminating that enumerated use as of right. On January 4, 2019, NYCDOB issued the petitioner work permits upon its application, but the petitioner did not apply for or receive a special permit under the amended zoning resolution. On February 13, 2019, a NYCDOB Borough Commissioner stated in a letter to the petitioner that NYCDOB intended to revoke the approval and permits it had issued within 15 days of the posting of the letter, unless sufficient information was presented to NYCDOB to demonstrate that the approval and permits should not be revoked. On January 20, 2020, the petitioner commenced the instant hybrid proceeding pursuant to CPLR article 78 to review the determination of NYCDOB dated February 13, 2019, and action, inter alia, for declaratory relief. NYCDOB moved pursuant to CPLR 3211(a) to dismiss the petition/complaint. The petitioner cross-moved for leave to amend the petition/complaint to add two new causes of action. In an order and judgment dated January 9, 2023, the Supreme Court granted NYCDOB's motion, denied, as academic, the petitioner's cross-motion, and dismissed the proceeding/action. The petitioner appeals.
The Supreme Court did not err in granting NYCDOB's motion to dismiss the petition/complaint. CPLR 7801(1) provides that a proceeding under CPLR article 78 shall not be used to challenge a determination that is not final or can be adequately reviewed by appeal to a court or to some other body or officer. CPLR article 78 review is available within four months after the administrative determination to be reviewed becomes final and binding upon the petitioner (see id. § 217[1]). "A determination becomes final and binding when two requirements are met; namely, completeness (finality) of the determination, and the exhaustion of administrative remedies" (Matter of Brown v New York State Racing & Wagering Bd., 60 AD3d 107, 111-112 [internal quotation marks omitted]; see CPLR 217[1]; 7803[3]; Walton v New York State Dept. of Correctional Servs., 8 NY3d 186, 194). "First, the agency must have reached a definitive position on the issue that inflicts actual, concrete injury and second, the injury inflicted may not be . . . significantly ameliorated by further administrative action or by steps available to the complaining party" (Walton v New York State Dept. of Correctional Servs., 8 NY3d at 194 [internal quotation marks omitted]; see Matter of City of New York [Grand Lafayette Props. LLC], 6 NY3d 540, 547-548).
A challenge to administrative action is not ripe unless the administrative action sought to be reviewed is final, and the anticipated harm caused by the action is direct and immediate (see Weingarten v Town of Lewisboro, 77 NY2d 926, 928). Moreover, a matter is not ripe where the claimed harm may be prevented or significantly ameliorated by further administrative action (see Matter of Greenberg v Assessor of Town of Scarsdale, 121 AD3d 986, 989; Matter of Parent Teacher Assn. of P.S. 124M v Board of Educ. of City School Dist. of City of N.Y., 138 AD2d 108, 112). Here, the letter dated February 13, 2019, from the NYCDOB Borough Commissioner was not a final determination, as the petitioner acknowledges in its brief.
Moreover, generally, one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law (see Lehigh Portland Cement Co. v New York State Dept. of Envtl. Conservation, 87 NY2d 136, 140; Matter of World Motors, Inc. v Dugan, 226 AD3d 1037; Matter of Carnelian Farms, LLC v Village of Muttontown Bldg. Dept., 151 AD3d 845, 846). Here, the petitioner failed to exhaust all available administrative remedies prior to seeking judicial intervention (see Matter of World Motors, Inc. v Dugan, 226 AD3d 1037).
Exhaustion of administrative remedies is not required where an agency's action is challenged as either unconstitutional or beyond its grant of power, or when resort to an administrative remedy would be futile, or when its pursuit would cause irreparable injury (see Lehigh Portland Cement Co. v New York State Dept. of Envtl. Conservation, 87 NY2d at 140; Matter of Stallone v Fischer, 67 AD3d 125, 127-128; Matter of Laureiro v New York City Dept. of Consumer Affairs, 41 AD3d 717, 719). Here, the petitioner failed to show that resort to an administrative remedy would be futile or that its pursuit would cause irreparable injury. While the petitioner asserted two causes of action alleging violations of constitutional rights, a constitutional claim that hinges upon factual issues reviewable at the administrative level must first be addressed to the agency so that a necessary factual record can be established (see Matter of O'Sullivan v New York City Dept. of Bldg., 226 AD3d 686, 688). The mere assertion that a constitutional right is involved will not excuse the failure to pursue established administrative remedies that can provide the required relief (see Matter of 5055 N. Blvd., LLC v Incorporated Vil. of Old Brookville, 201 AD3d 932, 935), and the present matter is not a circumstance where the issue to be determined is purely a question of law (see id. at 934; Matter of Hudson Riv. Val., LLC v Empire Zone Designation Bd., 115 AD3d 1035, 1038).
The petitioner's remaining contentions are without merit.
BARROS, J.P., MILLER, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court